UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| JACK C. MORGAN, JR., | Plaintiff/Counter-Defendant, |
| v. | Civil Action No. 4:24-cv-123-DJH-HBB |
| MERRILL, A BANK OF AMERICA COMPANY, | Defendant/Counter-Claimant/Cross-Claimant, |
| and | |
| PAUL ADAMS, | Defendant/Cross-Defendant. |

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff/Counter-Defendant Jack C. Morgan, Jr. sued Defendant/Counter-Claimant/Cross-Claimant Merrill, a Bank of America Company and Defendant/Cross-Defendant Paul Adams, alleging unjust enrichment in relation to a retirement account held by Merrill and seeking declaratory judgment and the creation of a constructive trust. (Docket No. 12) In its answer to Morgan's complaint, Merrill asserted a counterclaim and crossclaim for interpleader relief. (D.N. 12) Adams, proceeding pro se, moves for dismissal of all claims against him for lack of personal jurisdiction. (D.N. 20) Merrill and Morgan oppose the motion to dismiss. (D.N. 22; D.N. 23) Also pending is Merrill's unopposed motion for interpleader relief. (D.N. 25) After careful consideration, the Court will grant the requested interpleader relief and deny as moot Adams's motion to dismiss for the reasons explained below.

**I.**

Jack Morgan was married to Leanne R. Morgan. (D.N. 12, PageID.50 ¶ 9) Leanne had two children by prior marriage, one of whom is Paul Adams. (*Id.* ¶ 11) When Leanne opened an Individual Retirement Rollover Account (IRRA) with Merrill in 2000, Morgan was named as the

1

"100% primary beneficiary of the [a]ccount." (D.N. 14, PageID.81 ¶¶ 6–7) Leanne began suffering from Alzheimer's disease around 2020. (D.N. 12, PageID.50 ¶ 12) On June 27, 2023, Merrill received a signed beneficiary-designation form naming Adams as the 100% primary beneficiary. (D.N. 14, PageID.81 ¶ 8) Leanne died on March 6, 2024. (D.N. 12, PageID.51 ¶ 18) As of October 31, 2024, the balance of the IRRA was $217,652.52. (*Id.* ¶ 23)

Morgan alleges that Leanne "lacked the requisite mental capacity" at the time of the change in beneficiary designation and that "Adams exerted undue influence over Leanne" and "coerced her to change the beneficiary designation of the IRRA." (D.N. 12, PageID.52 ¶¶ 28–29) Morgan's complaint (1) requests that the Court declare him the rightful beneficiary of the IRRA, (2) seeks imposition of a constructive trust over the IRRA funds for Morgan's benefit, and (3) asserts a common-law claim of unjust enrichment against Adams. (*Id.*, PageID.52–54) Merrill does not claim any interest in the IRRA funds and "has been unable to determine the rightful beneficiary or beneficiaries of the [a]ccount" due to Morgan's claims. (D.N. 14, PageID.81 ¶ 12; *id.*, PageID.82 ¶ 17) Merrill's interpleader complaint asserts that it should be protected from litigation regarding entitlement the IRRA funds and seeks dismissal from the present action upon the Court's acceptance of control of the account and the entry of an order requiring Adams and Morgan to resolve their conflicting claims to the IRRA before the Court (*see* D.N. 14). *See also Bankers Tr. Co. v. Mfrs. Nat'l Bank*, 139 F.R.D. 302, 308 (S.D.N.Y. 1991) (interpleader may be brought by crossclaim or counterclaim).

Adams moves for dismissal of "all claims against him" under Federal Rule of Civil Procedure 12(b)(2), arguing that the requirements of Kentucky's long-arm statute and the Due Process Clause are not satisfied. (D.N. 20, PageID.102; *see* D.N. 20-1) Attached to the motion is a sworn affidavit explaining Adams's lack of connection to Kentucky and asserting that

2

"[d]efending this action in Kentucky would impose an undue burden." (D.N. 20, PageID.103) Merrill contends that "these arguments bear no weight with respect to Merrill's [i]nterpleader [c]omplaint" under the federal interpleader statute.[1] (D.N. 22, PageID.117) Morgan joins Merrill's assertions, arguing that because the Court has personal jurisdiction over Adams as to the interpleader claims, the Court also "possesses ancillary jurisdiction" with regard to Morgan's claims as "compulsory counterclaims."[2] (D.N. 23, PageID.121) Adams appears to concede in his reply that the Court has personal jurisdiction as to the interpleader claims, but he maintains that the federal interpleader statute is not a basis of personal jurisdiction for Morgan's "independent claims." (D.N. 24, PageID.128) Merrill has since filed an unopposed motion for interpleader relief, requesting discharge from this matter with prejudice, an order to maintain the IRRA "as is," a permanent injunction protecting Merrill from further litigation regarding the account, and $5,000 in attorney fees and costs to be taken from the proceeds of the IRRA. (D.N. 25, PageID.132 ("Morgan . . . [and] Adams . . . do not oppose the relief sought herein, including Merrill's request for attorneys' fees."))

## II.

"[I]nterpleader is 'an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Pope v. Cranmer*, No. 3:17-CV-546-RGJ-CHL, 2019 WL 2372886, at *2 (W.D. Ky. Feb. 7, 2019) (quoting *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). Interpleader

---

[1] A party may seek interpleader relief under Federal Rule of Civil Procedure 22 (rule interpleader) or 28 U.S.C. § 1335 (statutory interpleader). Merrill's interpleader complaint relies alternatively on both Rule 22 and the federal statute. (*See* D.N. 14)

[2] Morgan does not address Adams's arguments about due process or Kentucky's long-arm statute. (*See* D.N. 23)

proceeds in two stages. First, the Court "determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *High Tech. Prods.*, 497 F.3d at 641 (citation omitted). If interpleader is properly invoked, the Court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, [and] enjoining the parties from prosecuting any other proceeding related to the same subject matter." *Id.* In the second stage, the Court "determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Id.*

Because Adams does not appear to contest that the Court has personal jurisdiction as to Merrill's interpleader claims (*see* D.N. 24, PageID.128 (acknowledging that the federal interpleader statute "permits federal courts to bring parties before them . . . in the context of resolving the interpleader dispute"); D.N. 25 (stating that Adams does not oppose Merrill's motion for interpleader relief)), the Court will proceed with the first stage to determine whether interpleader has properly been invoked.[3] *See Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092 (S.D. Ohio July 25, 2016) (considering whether interpleader was properly invoked although motion for interpleader relief was unopposed), *report and recommendation adopted*, No. 1:15-CV-535, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016). *But see Unicare Life & Health Ins. Co. v. Autrey-Miller*, No. 13-14122, 2014 WL 2931786 (E.D. Mich. June 30, 2014) (granting unopposed motion for interpleader relief without analysis).

---

[3] "The requirement that a court have personal jurisdiction over a party is a waivable right." *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) (citation modified).

"[T]he 'primary test' for determining whether interpleader is appropriate evaluates 'whether the stakeholder legitimately fears multiple vexation directed against a single fund or property.'" *USAA Life Ins. Co. v. Space*, No. 3:14-CV-00661-TBR, 2015 WL 3407323, at *2–3 (W.D. Ky. May 26, 2015). "[T]his requirement [is] satisfied where multiple claimants present competing claims for the same identifiable [fund or property]." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011) (citing *High Tech. Prods.*, 497 F.3d at 642). Here, Merrill is subject to competing beneficiary claims by Morgan and Adams over the IRRA (*see generally* D.N. 14), and thus the requirement is satisfied. *See Mudd*, 786 F. Supp. 2d at 1240.

While Morgan's complaint invokes the Court's diversity jurisdiction (*see* D.N. 12, PageID.49 ¶ 6), the federal interpleader statute confers to district courts independent original jurisdiction over "any civil action of interpleader or in the nature of interpleader" where three elements are satisfied. 28 U.S.C. § 1335. First, the amount subject to the dispute must exceed $500, 28 U.S.C. § 1335(a), as is the case in this action. (D.N. 12, PageID.51 ¶ 23) There must also be two or more adverse claimants of diverse citizenship. *See* 28 U.S.C. § 1335(a)(1). This requirement is likewise met because the record indicates that Morgan is a citizen of Kentucky and Adams is a citizen of Wisconsin. (*See* D.N. 12, PageID.49 ¶¶ 2, 4; D.N. 120, PageID.103) Finally, the interpleader plaintiff is required to make a deposit with the Court to ensure compliance with the Court's stage-two determination, either in the full amount at issue or as a bond deemed appropriate by the Court. 28 U.S.C. § 1335(a)(2). Because the Court will permit Merrill's deposit of the IRRA funds upon finding that interpleader is properly invoked, the third requirement is met, and the Court has subject-matter jurisdiction over the interpleader claims.[4] *See USAA*, 2015 WL

---

[4] Merrill's interpleader complaint requests either "[t]he entry of an Order requiring Merrill to transfer the assets of the [a]ccount . . . [to] this Court; or in the alternative, the entry of an Order authorizing Merrill to continue to maintain the Account under such terms and conditions as the

5

3407323, at *3 (finding third requirement met although interpleader plaintiff had not yet deposited funds); *see also Kirk Excavating & Constr., Inc. v. AYS Oilfield*, No. 2:14-CV-2097, 2015 WL 6361667, at *9 (S.D. Ohio Oct. 22, 2015) ("[A] stakeholder who has failed to deposit that full amount should have the opportunity to cure the defect." (citations omitted)); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967) (noting that Federal Interpleader Act is "remedial and to be liberally construed").

Personal jurisdiction is also required in interpleader actions. *See* 4 Moore's Federal Practice § 22.03[1][f] (citing *New York Life Ins. Co. v. Dunlevy*, 241 U.S. 518, 521 (1916)). Even if Adams has not waived personal jurisdiction as to the interpleader claims, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."), the lenient personal-jurisdiction requirements of the federal interpleader statute apply. Federal Rule of Civil Procedure 4(k)(1)(C) states that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." And "Congress, through the Federal Interpleader Act, 28 U.S.C. § 2361, which authorizes nationwide service of process, confers nationwide personal jurisdiction to district courts." *Yonko v. W. Coast Life Ins. Co.*, No. 1:20-CV-109-GNS-HBB, 2021 WL 1428476, at *4 (W.D. Ky. Apr. 15, 2021); *see also Med. Mut. of Ohio v. deSoto*, 245 F.3d 561,

---

Court directs." (D.N. 14, PageID.83)  But Merrill's motion for interpleader relief only asks "[t]hat Merrill be ordered to restrict the Account and maintain the Account 'as is.'" (D.N. 25, PageID.134)  Unlike rule interpleader, *see* Fed. R. Civ. P. 22, statutory interpleader requires deposit with the Court. *See* 28 U.S.C. § 1335(a)(2); *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994) ("[S]tatutory interpleader relaxes the [Rule 22 interpleader] diversity jurisdictional requirements in exchange for the somewhat onerous requirement of depositing the stake with the Court."); *State Farm Mut. Auto. Ins. Co. v. Brewer*, 778 F. Supp. 925, 930 (E.D. Ky. 1991) ("Deposit of the fund at issue, or a bond in that amount, is necessary for the district court to acquire jurisdiction over a statutory interpleader action."). The Court will therefore require that Merrill deposit the full amount at issue.

567–68 (6th Cir. 2001) ("[W]hen a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the . . . concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States."). Adams has been served in Wisconsin and does not deny minimum contacts with the United States. (*See* D.N. 19; D.N. 21; D.N. 120, PageID.103) Therefore, the Court has personal jurisdiction over Adams for purposes of the interpleader action. *See* 28 U.S.C. § 2361.

Adams specifically argues that the Court lacks personal jurisdiction as to Morgan's claims. (*See* D.N. 20; D.N. 24) But the second stage of interpleader will require the Court to resolve the legal question of IRRA-fund ownership as between Adams and Morgan. *See High Tech. Prods.*, 497 F.3d at 641. Therefore, because Morgan's claims do not seek relief beyond determination of entitlement to the IRRA funds (*see* D.N. 12, PageID.52–55), they are effectively mooted by Merrill's invocation of interpleader. Adams's challenge to those claims on personal-jurisdiction grounds is thus also moot. *See Mudd*, 786 F. Supp. 2d at 1242–43 (finding personal jurisdiction under federal interpleader statute after interpleader was raised defensively in insurance-beneficiary case seeking declaratory judgment); *see also Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 306 (S.D.N.Y. 2012) (describing convergence of interpleader claims with subsequent crossclaims in the context of abstention because "the legal issues to be decided . . . [and] the relief to be granted are identical").

In sum, interpleader has been properly invoked by Merrill under 28 U.S.C. § 1335. *See High Tech. Prods.*, 497 F.3d at 641. The Court will therefore grant the motion for interpleader relief, award Merrill $5,000 in costs and attorney fees, dismiss Merrill from this proceeding with

prejudice and enjoin Morgan and Adams from instituting or prosecuting Merrill in further litigation related to the IRRA after deposit of the IRRA funds with the Court.[5]

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Adams's motion to dismiss for lack of personal jurisdiction (D.N. 20) is **DENIED** as moot.

(2) Merrill's motion for interpleader relief (D.N. 25) is **GRANTED**.  Merrill **SHALL** deposit the balance of the IRRA account ending in -0G68, minus $5,000 in costs and attorney fees, into the Court Registry Investment System by check to the Clerk of Court for ultimate distribution by order of the Court.  The Clerk of Court **SHALL** deposit the funds into an interest-bearing account pending further order of the Court.

(3) Upon deposit of the funds with the Court:

    (a) Merrill shall be discharged from any and all liability on account of or in any way related to the IRRA or related to the handling or processing of any claims made in connection with the IRRA except as to the enforcement of the future order or judgment in the present matter.  Jack C. Morgan, Jr. and Paul Adams, and each of their respective attorneys, representatives, successors, assigns, and heirs shall be permanently enjoined from instituting or prosecuting against Merrill a claim,

---

[5] "A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (citation modified).

action, lawsuit, arbitration, or proceeding related to the IRRA in any state or United States Court, arbitration forum, or administrative tribunal except as to the enforcement of the future order or judgment in the present matter.

(b) Merrill shall be dismissed with prejudice from this action.

(4) The Court **REQUESTS** that U.S. Magistrate Judge H. Brent Brennenstuhl (D.N. 18) schedule a status conference with the remaining parties within **thirty (30) days** of the entry of this Memorandum Opinion and Order.

March 12, 2026

David J. Hale, Chief Judge
United States District Court